**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

HOWARD D. TRAVIS,

    Plaintiff,

v.  Civ. No. 22-512 GJF

UNITED STATES OF AMERICA, et al.,

    Defendants.

## ORDER TO SHOW CAUSE

On April 26, 2022, the United States filed a complaint against Plaintiff "to reduce to judgment unpaid federal income tax liabilities owed by" Plaintiff. *See* ECF 1, filed in *United States v. Travis*, Civ. No. 22-315 CG/SMV ("*Travis I*"). The United States alleged that despite notice and demand for payment, Plaintiff failed, neglected or refused to pay the income tax liabilities for tax years 2007-2012 in the amount of $283,055.49.

On June 29, 2022, Plaintiff filed a document in *Travis I* which the Clerk's Office construed as an "Answer." *See* ECF 5 in *Travis I*. The Answer, which appears to be directed toward Chief United States District Judge William P. Johnson: (i) states "IRS representation assumes facts shown not in evidence;" (ii) states Plaintiff "[is] not and ... never was a 'taxpayer' as that term is defined in the Internal Revenue Code;" (iii) requests several documents from the IRS; (iv) and requests from Chief United States District Judge Johnson "a Certificate of Necessity that you can designate and assign temporarily a competent and qualified judge from the Court of International Trade to perform judicial duties in the honorable district court of the United States." Answer [ECF 5 in *Travis I*] at 7, 10-14. Plaintiff seeks a judge "**who is not subject to any un-due executive or legislative influence whatsoever**" and "**who IS NOT A 'TAXPAYER**.'" *Id.* at 15 (emphasis in original).

On July 11, 2022, Plaintiff filed his Complaint [ECF 1] in this case ("*Travis II*") which appears to be identical to his Answer in *Travis I*, except the Complaint in this case has attached to it the United States' complaint in *Travis I*. The caption of the Complaint in this case indicates the Complaint concerns *Travis I*. *See* Complaint at 1 ("RE: Cause 2:22-cv-315").

It appears that this case should be dismissed pursuant to the Court's inherent power to manage its docket. *See Securities and Exchange Comm'n v. Management Solutions, Inc.*, 824 Fed. Appx. 550, 553 (10th Cir. 2020) (unpublished) ("a district court has the inherent power 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases'" (quoting *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891-92 (2016))). Plaintiff's Complaint in this case is essentially identical to his Answer in *Travis I*. Allowing this case to proceed will cause the Court and the Parties to needlessly litigate the same issues twice.

Furthermore, Plaintiff has not set forth any facts showing that it is necessary to appoint a judge of the Court of International Trade to preside over *Travis I*. Plaintiff asks that Chief United States District Judge William P. Johnson prepare a certificate of necessity and appoint a judge from the Court of International Trade to perform judicial duties in *Travis I* pursuant to 28 U.S.C. § 293 which states:

> *The Chief Justice* of the United States may designate and assign temporarily any judge of the Court of International Trade to perform judicial duties in any circuit, either in a court of appeals or district court, upon presentation of a certificate of necessity by *the chief judge* or circuit justice of the circuit in which the need arises.

28 U.S.C. § 293(a) (emphasis added). The Court of International Trade is "designed to provide a comprehensive system for judicial review of civil actions arising out of import transactions and federal transactions affecting international trade" and "ensures expeditious procedures, avoids jurisdictional conflicts among federal courts, and provides national uniformity in the judicial decision-making affecting import transactions." *See* https://www.cit.uscourts.gov/. The

Complaint in this case and the Answer in *Travis I* do not indicate there are any issues regarding import transactions or federal transactions affecting international trade which would require a judge of the Court of International Trade to ensure that the ruling in this Court in *Travis I* is consistent with other federal court rulings regarding import transactions.

**IT IS THEREFORE ORDERED** that Plaintiff shall, within 21 days of entry of this Order, show cause why this case should not be dismissed. Failure to timely show cause may result in dismissal of this case.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE