**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

HOWARD TRAVIS,

    Plaintiff,

v.                                                      Civ. No. 2:22-cv-00512 MIS/SMV

UNITED STATES OF AMERICA
INTERNAL REVENUE SERVICE and
UNITED STATES DEPARTMENT OF JUSTICE,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

On April 26, 2022, the United States filed a complaint against Plaintiff "to reduce to judgment unpaid federal income tax liabilities owed by" Plaintiff. *See* Doc. 1, filed in *United States v. Travis*, Civ. No. 2:22-cv-00315 CG/SMV ("*Travis I*"). The United States alleged that despite notice and demand for payment, Plaintiff failed, neglected or refused to pay the income tax liabilities for tax years 2007–2012 in the amount of $283,055.49.

On June 29, 2022, Plaintiff filed his Answer in *Travis I*. *See* Doc. 5 in *Travis I*. The Answer, which appears to be directed toward Chief United States District Judge William P. Johnson: (i) states "IRS representation assumes facts shown not in evidence;" (ii) states Plaintiff "[is] not and . . . never was a 'taxpayer' as that term is defined in the Internal Revenue Code;" (iii) requests several documents from the IRS; (iv) and requests from Chief United States District Judge Johnson "a Certificate of Necessity that you can designate and assign temporarily a competent and qualified judge from the Court of International Trade to perform judicial duties in the honorable district court of the United States." Answer at 7, 10–14. Plaintiff seeks a judge "**who is not subject to any un-due**

**executive or legislative influence whatsoever**" and "**who IS NOT A 'TAXPAYER**.'" Answer at 15 (emphasis in original).

On July 11, 2022, Plaintiff, who is proceeding *pro se* in this case and in *Travis I*, filed his Complaint in this case ("*Travis II*") which appears to be identical to his Answer in *Travis I*, except the Complaint in this case has attached to it the United States' complaint in *Travis I*. The caption of the Complaint in this case indicates the Complaint concerns *Travis I*. *See* Complaint at 1 (stating "RE: Cause 2:22-cv-315").

United States Magistrate Judge Gregory J. Fouratt notified Plaintiff that:

> It appears that this case should be dismissed pursuant to the Court's inherent power to manage its docket. *See Securities and Exchange Comm'n v. Management Solutions, Inc.*, 824 Fed.Appx. 550, 553 (10th Cir. 2020) ("a district court has the inherent power 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases'") (quoting *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891–92 (2016)). Plaintiff's Complaint in this case is essentially identical to his Answer in *Travis I*. Allowing this case to proceed will cause the Court and the Parties to needlessly litigate the same issues twice.
>
> Furthermore, Plaintiff has not set forth any facts showing that it is necessary to appoint a judge of the Court of International Trade to preside over *Travis I*. Plaintiff asks that Chief United States District Judge William P. Johnson prepare a certificate of necessity and appoint a judge from the Court of International Trade to perform judicial duties in *Travis I* pursuant to 28 U.S.C. § 293 which states:
>
>> *The Chief Justice* of the United States may designate and assign temporarily any judge of the Court of International Trade to perform judicial duties in any circuit, either in a court of appeals or district court, upon presentation of a certificate of necessity by *the chief judge* or circuit justice of the circuit in which the need arises.
>
> 28 U.S.C. § 293(a) (emphasis added). The Court of International Trade is "designed to provide a comprehensive system for judicial review of civil actions arising out of import transactions and federal transactions affecting international trade" and "ensures expeditious procedures, avoids jurisdictional conflicts among federal courts, and provides national uniformity in the judicial decision-making affecting import transactions." *See*

> https://www.cit.uscourts.gov/. The Complaint in this case and the Answer in *Travis I* do not indicate there are any issues regarding import transactions or federal transactions affecting international trade which would require a judge of the Court of International Trade to ensure that the ruling in this Court in *Travis I* is consistent with other federal court rulings regarding import transactions.

Order to Show Cause, Doc. 6, filed July 14, 2022. Judge Fouratt ordered Plaintiff to show cause why this case should not be dismissed.

In his Response to Judge Fouratt's Order to Show Cause, Plaintiff repeats his request for a certificate of necessity and the assignment of a judge from the Court of International Trade "to preside over ALL PROCEEDINGS in this Instant Cause, who IS NOT A 'TAXPAYER' and whose integrity and independence from all other governments and all other government branches are 'unassailable' and beyond question." Response at 3–4, Doc. 8, filed August 5, 2022 (emphasis in original). Plaintiff also asserts that "[t]his very same issue is being litigated in case 2:22-CV-0098-MHW-KAJ in the Southern Ohio District . . . . Allowing one Plaintiff to litigate the same issue in two districts is the same expense of court resources and shows bias towards one side." Response at 5. Plaintiff states "[t]he other issues why this case should not be dismissed falls on the following unanswered questions." Response at 5–8 (listing 14 questions regarding legal issues but not setting forth any argument regarding those issues).

The Court dismisses this case because Plaintiff's Complaint in this case is essentially identical to Plaintiff's Answer in *Travis I*. *See Katz v. Gerardi*, 655 F.3d 1212, 1217–18 (10th Cir. 2011) ("District courts have discretion to control their dockets by dismissing duplicative cases.") (quoting *Colo. River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976) ("As between federal district courts . . . though no

3

precise rule has evolved, the general principle is to avoid duplicative litigation.")). Plaintiff has not shown otherwise.

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

*/s/ Margaret Strickland*
_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE